UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUPERVALU Inc., and<br>United Natural Foods, Inc., | Case No. 22-cv-707 (NEB/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Virgin Scent Inc. d/b/a<br>artnaturals, | |
| Defendant. | |

Helen Sullivan-Looney and Kim Ruckdaschel-Haley, Best & Flanagan LLP, 60 South Sixth Street, Suite 2700, Minneapolis, MN 55402 (for Plaintiffs).

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs SUPERVALU Inc. and United Natural Foods, Inc.'s Motion for Order Authorizing Service of Summons on Corporation by Delivery of Process to California Secretary of State, for Extension of Service Deadline, and for Fees and Costs, ECF No. 5. No opposition having been filed and no hearing being necessary, *see* D. Minn. LR 7.1(b), the Court has considered the motion on the papers.

## II. SERVICE VIA CALIFORNIA SECRETARY OF STATE

Plaintiffs move for an order permitting service on Defendant Virgin Scent Inc. d/b/a artnaturals through the California Secretary of State pursuant to Cal. Corp. Code § 1702.

1

Defendant is an active California corporation. Exs. 1, 3 to Aff. of Kim Ruckdaschel-Haley, ECF No. 8-1 at 1-2, 9-11.[1] Correspondence from Defendant, a tax form, and a certificate of liability insurance as well as records from the California Secretary of State all list Defendant's business and mailing address as 16325 South Avalon Boulevard, Gardena, California 90248. Exs. 2, 3, 4, ECF No. 8-1 at 3-4, 8-12.

Defendant's agent for service of process is Yaakov Nourollah.[2] Exs. 3, 4, ECF No. 8-1 at 9-11, 13. Yaakov is also one of Defendant's officers, serving as the secretary. Ex. 4, ECF No. 8-1 at 12. The designated address for service is the same Gardena, California address. Exs. 3, 4, ECF No. 8-1 at 9-11, 13. Records from the California Secretary of State, including the Corporation – Statement of Information, also all list the Gardena, California address for Yaakov. Exs. 3, 4, ECF No. 8-1 at 9-14.

Defendant has two additional officers. Ex. 4, ECF No. 8-1 at 12-13. Its chief executive officer is Yosef Nourollah and its chief financial officer is Akiva Nourollah. Ex. 4, ECF No. 8-1 at 12-13. The Corporation – Statement of Information likewise lists the Gardena, California address for Yosef and Akiva. Ex. 4, ECF No. 8-1 at 12-14.

### A. Legal Standard

Rule 4 of the Federal Rules of Civil Procedure permits service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) in turn provides that an individual may be served by "following

---

[1] All exhibits cited herein are appended to the Ruckdaschel-Haley Affidavit.
[2] As Defendant's designated agent and secretary, its chief executive officer, and its chief financial officer all have the same last name, the Court will refer to them by their first names.

state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

"Pursuant to California law, a court may order, under certain circumstances, that service be made on a corporation by hand-delivery of process and an order authorizing such service to the Secretary of State." *Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, No. 1:19-cv-00017-DAD-BAM, 2020 WL 2039049, at *2 (E.D. Cal. Apr. 28, 2020) (citing Cal. Corp. Code § 1702); *see also, e.g.*, *Axalta Coating Sys., LLC v. SRS Ventures, Inc.*, No. 21-3800, 2021 WL 5631769, at *1 (E.D. Penn. Nov. 30, 2021); *Dakavia Mgmt. Corp. v. Bigelow*, No. 1:20-cv-00448-NONE-SKO, 2020 WL 2112261, at *1 (E.D. Cal. May 4, 2020). In relevant part, Cal. Corp. Code § 1702 provides:

> [I]f the agent designated [for service of process] cannot with reasonable diligence be found at the address designated for personally delivering the process, . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State.

Cal. Corp. Code § 1702(a). "In determining whether a plaintiff has exercised reasonable diligence, the Court examines the affidavit to see whether the plaintiff took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Freshko Produce Servs.*, 2020 WL 2039049, at *2 (quotation omitted); *accord Axalta Coating Sys.*, 2021 WL 5631769, at *2; *Dakavia Mgmt. Corp.*, 2020 WL

3

2112261, at *2. "The reasonable diligence requirement denotes a thorough, systemic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Freshko Produce Servs.*, 2020 WL 2039049, at *2 (quotation omitted); *see Dakavia Mgmt. Corp.*, 2020 WL 2112261, at *2.

Accordingly, the Court turns to whether Plaintiffs have exercised reasonable diligence to serve Defendant under Sections 415.10, 415.20(a), 415.30(a), and 416.10(a) and (b) of the California Code of Civil Procedure.[3]

### B. Defendant's Agent

Section 416.10(a) of the California Code of Civil Procedure provides that a corporation may be served by delivering a copy of the summons and complaint to the corporation's designated agent for service of process. *See also* Cal. Corp. Code § 1701. As stated above, Yaakov is Defendant's designated agent for service of process and the Gardena, California address the designated address for such service. Plaintiffs attempted to serve Yaakov six times between March 25 and April 19, 2022, at the Gardena, California address. Aff. of Kim Ruckdaschel-Haley ¶ 7, ECF No. 8; *see generally* Ex. 5, ECF No. 8-1 at 15-17. Each time, Plaintiffs' process server was met by a security guard, who stated that authorized staff was not in and refused access to the building. Ruckdaschel-Haley Aff. ¶ 7; Ex. 5, ECF No. 8-1 at 15-17.

Section 415.10 of the California Code of Civil Procedure permits service "by personal delivery of a copy of the summons and of the complaint to the person to be

---

[3] The Court need not consider Sections 416.10(c) and 416.20(a) as Defendant is not a bank and there are no allegations that Defendant has forfeited its charter or dissolved. *See Johnson v. Umbarger LLC*, No. 20-CV-06542-LHK, 2021WL 292192, at *2 (N.D. Cal. Jan. 28, 2021).

4

served." Plaintiffs performed a public records search and obtained a home address in Los Angeles, California for Yaakov. Ruckdaschel-Haley Aff. ¶ 8; Ex. 6, ECF No. 8-1 at 18. Plaintiffs made daily attempts to serve Defendant's designated agent at his home address between April 8 and 14, 2022. Ruckdaschel-Haley Aff. ¶ 9; Ex. 7, ECF No. 8-1 at 20-22. On three occasions, a woman who identified herself as the "baby sitter" answered the door, but Yaakov was either not home or she was not sure of his schedule. Ex. 7, ECF No. 8-1 at 20-21. On the other occasions, there was no answer. Ex. 7, ECF No. 8-1 at 20-21.

The Court finds that Plaintiffs have exercised reasonable diligence to locate and serve Yaakov, Defendant's designated agent, and have been unsuccessful. *See* Cal. Civ. Proc. Code §§ 415.10, 416.10(a); *see also Axalta Coating Sys.*, 2021 WL 5631769, at *2.

### C. Defendant's Office

Section 415.20(a) of the California Code of Civil Procedure provides that

> [i]n lieu of personal delivery . . . , a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

As discussed in Section II.B *supra*, Plaintiffs made six attempts to serve Defendant at its Gardena, California business address, but the only person their process server encountered was a security guard, who identified himself as "John Doe." Ruckdaschel-Haley Aff. ¶ 7; Ex. 5, ECF No. 8-1 at 17. Although the summons and complaint were left with this security guard on April 19, the Court agrees with Plaintiffs that it is

5

questionable under the circumstances whether this "John Doe" had the requisite apparent authority.

Having attempted to serve Defendant six times over the course of approximately three weeks at its business address and only encountered the security guard, who identified himself as "John Doe," stated that authorized staff was not in, and refused access to the premises, the Court finds that, despite reasonable efforts, Plaintiffs were unable to locate someone "apparently in charge of" the Defendant's Gardena, California business address. *See* Cal. Civ. Proc. Code § 415.20(a); *see also Axalta Coating Sys.*, 2021 WL 5631769, at *2.

### D. Defendant's Other Officers

Section 416.10(b) of the California Code of Civil Procedure states that a corporation may be served by delivering a copy of the summons and the complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or an assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

Again, Yaakov is Defendant's designated agent as well as its secretary and, as stated in Section II.B *supra*, Plaintiff has been unable to locate Yaakov despite exercising reasonable diligence.

Turning to Defendant's other officers, Yosef (chief executive officer) and Akiva (chief financial officer), the Corporation – Statement of Information likewise lists Defendant's Gardena, California business address for each of them.   Ruckdaschel-Haley

6

Aff. ¶ 12; Ex. 4, ECF No. 8-1 at 12-14.  Like Yaakov, Plaintiffs performed public records searches in an effort to identify alternative addresses for Yosef and Akiva.  Ruckdaschel-Haley Aff. ¶ 13.  *See* Cal. Civ. Proc. Code § 415.10.  Plaintiffs were able to locate a Beverly Hills, California address for Yosef and three different potential addresses (two in Los Angeles and one in Beverly Hills, California) for Akiva.  Ruckdaschel-Haley Aff. ¶ 13; *see generally* Ex. 10, ECF No. 8-1 at 32-36.

Plaintiffs' process server attempted to serve Yosef at his Beverly Hills address on May 2 and daily between May 5 and 8 without success.  Ruckdaschel-Haley Aff. ¶ 14; Ex. 11, ECF No. 8-1 at 37-38.

Plaintiffs' process server attempted to serve Akiva at each of the three identified addresses.  *See* Ruckdaschel-Haley Aff. ¶ 14; Ex. 11, ECF No. 8-1 at 39-41.  At two of the addresses, the occupant either did not know or had not heard of Akiva.  Ex. 11, ECF No. 8-1 at 39, 41.  As for the other address, the process server indicated on May 12 that service was "unsuccessful after numerous attempts."  Ex. 11, ECF No. 8-1 at 40.

The Court finds that Plaintiffs have exercised reasonable diligence to locate and serve Defendant's other officers and have been unsuccessful.  *See* Cal. Civ. Proc. Code §§ 415.10, 416.10(b).

**E.  By Mail**

Section 415.30(a) of the California Code of Civil Procedure permits service by mailing "[a] copy of the summons and of the complaint . . . (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and

7

acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."

Plaintiffs have made several attempts to serve Defendant through its designated agent and officers by mail.  Plaintiffs mailed documents to Yaakov at both Defendant's Gardena, California business address and his personal residence.[4]  Ruckdaschel-Haley Aff. ¶ 11; Ex. 9, ECF No. 8-1 at 27-31.  The mailing sent to Yaakov's personal address was marked "Refused 5/3/22."  Ruckdaschel-Haley Aff. ¶ 11; Ex. 9, ECF No. 8-1 at 27.  Plaintiffs also mailed documents to Yosef and Akiva at the four addresses identified as a result of their public-records search.  Ruckdaschel-Haley Aff. ¶ 15; Ex. 12, ECF No. 8-1 at 42-46.  The certified mail return receipt for Yosef was signed with illegible initials.  Ruckdaschel-Haley Aff. ¶ 15; Ex. 13, ECF No. 8-1 at 47.  Yaakov, Yosef, and Akiva did not return any of the acknowledgements as to notice and receipt of the summons sent to them.  Ruckdaschel-Haley Aff. ¶¶ 11, 15.  Nor were any of the mailings returned as undeliverable.  Ruckdaschel-Haley Aff. ¶ 15; *see* Ruckdaschel-Haley Aff. ¶¶ 10-11.

The Court finds that Plaintiffs have exercised reasonable diligence to serve Defendant and its officers by mail and have been unsuccessful.  *See* Cal. Civ. Proc. Code § 415.30(a).

### F. Other Methods

In addition to attempting service by various methods under the California Code of Civil Procedure, Plaintiffs also reached out to "counsel representing Defendant in another

---

[4] This was actually Plaintiffs' second mailing.  *See* Ruckdaschel-Haley Aff. ¶¶ 10-11; *see generally* Exs. 8, 9, ECF No. 8-1 at 23-31.  The first mailing appears to have been missing some of the documents required under Cal. Civ. Proc. Code § 415.30(a).  *Compare* Ex. 8, ECF No. 8-1 at 23-26, *with* Ex. 9, ECF No. 8-1 at 27-31.

litigation matter to see if such counsel would accept service on behalf of Defendant." Ruckdaschel-Haley Aff. ¶ 16; *see generally* Ex. 14, ECF No. 8-1 at 48-50. Counsel representing Defendant in that other matter responded that he was "authorized to respond only that we do not and will not represent [Defendant] in [this] matter" and had "no other information to convey." Ex. 14, ECF No. 8-1 at 48.

### G. Conclusion

Upon review of Plaintiffs' motion, supporting memorandum, affidavit of counsel, and exhibits, and for the reasons stated above, the Court concludes that Plaintiffs have made diligent efforts to serve Defendant and demonstrated that Defendant's designated agent for service of process cannot with reasonable diligence be found at the Gardena, California address designated for personal service. Additionally, the Court concludes that service of process cannot be effected as to Defendant with reasonable diligence upon its designated agent under §§ 415.10, 415.20(a), or 415.30(a) of the California Code of Civil Procedure or upon the corporation under § 416.10(a) or (b).[5] Accordingly, the Court is satisfied that Plaintiffs have met the requirements for service through the California Secretary of State under Cal. Corp. Code § 1702, and Plaintiffs' motion for an order permitting service on Defendant through the California Secretary of State is granted.

Pursuant to Cal. Corp. Code § 1702, the summons and Complaint together with a copy of this Order, any other required documents, and any applicable fee shall be hand-delivered by Plaintiff to the California Secretary of State or to any person employed in

---

[5] Again, §§ 416.10(c) and 416.20(a) are not applicable here. *See supra* n.3.

the Secretary of State's office in the capacity of assistant or deputy. *See* Cal. Corp. Code § 1702(a). "Service in this matter is deemed complete on the 10th day after delivery of the process to the Secretary of State." Cal. Corp. Code § 1702(a). Upon receipt of the documents and any applicable fee, the California Secretary of State shall give notice to Defendant Virgin Scent Inc. d/b/a artnaturals in accordance with Cal. Corp. Code § 1702(b).

### III. EXTENSION OF TIME TO COMPLETE SERVICE

Plaintiffs also request that the deadline for service set forth in Rule 4(m) of the Federal Rules of Civil Procedure be extended. Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) additionally states, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

This action was filed on or about March 18, 2022. *See generally* ECF No. 1. Accordingly, under Rule 4(m), service is to be completed on or about June 16, 2022. Plaintiffs' diligence and varying efforts to serve Defendant without success during the 90-day period under Rule 4(m) provide ample good cause for an extension. Therefore, Plaintiffs' request is granted and Plaintiffs shall have an additional 90 days from the date of this Order to effect service on Defendant.

## IV. COSTS & FEES

Lastly, Plaintiffs request that the Court "assess[] fees and costs against Defendant as provided in Rule 4 or other applicable law." Pls.' Mem. in Supp. at 1, ECF No. 7; *see also* Pl.'s Mem. in Supp. at 10. Plaintiffs have not provided any argument in support of their request.

Rule 4(d) of the Federal Rules of Civil Procedure states that a corporation subject to service under Rule 4(h) "has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). To this end, a "plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* Rule 4(d) then sets forth specific requirements for such notice and request, including but not limited to enclosing "2 copies of the waiver form appended to this Rule 4"; "inform[ing] the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service"; and "giv[ing] the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(C), (D), (F). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States," Rule 4(d) requires the Court to impose on the defendant both "the expenses later incurred in making service" as well as "the reasonable expenses, including attorney's fees, of any motion required to collect those expenses." Fed. R. Civ. P. 4(d)(2).

The particular documents Plaintiffs served on Defendant's designated agent and officers are not part of the record before the Court. The Court has only the cover letters

11

and affidavits of service by mail, which merely list the titles of the documents that were served. *See, e.g.*, Exs. 9, 12, ECF No. 8-1 at 29-30, 43, 45. As to any notice and request to waive service, these documents state only that "[t]wo copies of the Notice and Acknowledgement of Receipt of Summons, with a postage-paid return envelope," were enclosed. *See, e.g.*, Exs. 9, 12, ECF No. 8-1 at 29-30, 43, 45. By this title alone, it is not apparent to this Court whether waiver was in fact requested or that Defendant was informed of the consequences of waiving and not waiving service as required under Rule 4(d). *See* Fed. R. Civ. P. 4(d)(1)(C), (D). It is also not clear how much time Defendant was given to respond. *See* Fed. R. Civ. P. 4(d)(1)(F). "Courts have denied cost-shifting motions under Fed. R. Civ. P. 4(d)(2) where plaintiffs have failed to show compliance with the technical requirements under Rule 4(d)(1)(A)-(G)." *Smith v. Bradley Pizza, Inc.*, No. 17-cv-2032 (WMW/KMM), 2018 WL 9943476, at *2 (D. Minn. Jan. 24, 2018) (citing cases), *affirmed*, 314 F. Supp. 3d 1017 (D. Minn. 2018). Therefore, Plaintiffs' request for an award of their costs and attorney fees under Rule 4 is denied.[6]

## V. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The hearing scheduled for June 22, 2022, ECF No. 12, is **STRICKEN**.

2. Plaintiffs' Motion for Order Authorizing Service of Summons on Corporation by Delivery of Process to California Secretary of State, for Extension of Service Deadline, and for Fees and Costs, ECF No. 5, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

---

[6] Plaintiffs have not argued any "other applicable law" to support an award of costs and attorney fees.

3. Pursuant to Cal. Corp. Code § 1702, the summons and Complaint together with a copy of this Order, any other required documents, and any applicable fee shall be hand-delivered by Plaintiff to the California Secretary of State or to any person employed in the Secretary of State's office in the capacity of assistant or deputy. *See* Cal. Corp. Code § 1702(a). "Service in this matter is deemed complete on the 10th day after delivery of the process to the Secretary of State." Cal. Corp. Code § 1702(a). Upon receipt of the documents and any applicable fee, the California Secretary of State shall give notice to Defendant Virgin Scent Inc. d/b/a artnaturals in accordance with Cal. Corp. Code § 1702(b).

4. Plaintiffs shall have an additional 90 days from the date of this Order to effect service on Defendant.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June____15____, 2022

       *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*SUPERVALU Inc. et al. v. Virgin Scent Inc.*
Case No. 22-cv-707 (NEB/TNL)